ALLIS and others *v*. STOWELL.

*(Circuit Court, E. D. Wisconsin.   December 9, 1880.)*

1. EQUITY PLEADING—RULE 66.—A suit will not be dismissed under the sixty-sixth rule in equity, for want of a replication to an amended answer, where a motion is pending to strike such answer from the files for irregularity and insufficiency.

2. SAME.—It seems that the filing of exceptions is not the only method of testing the sufficiency or regularity of an answer.—[ED.
   *Strange* v. *Collins*, 2 Veasey & Beames, 162.

In Equity.   Motion to Dismiss.

*W. G. Raney*, for complainants.

*E. H. Bottum*, for defendant.

DYER, D. J.   This is a bill to restrain the infringement of two patents for saw-mill dogs, known as the Selden and Beckwith patents.   On a previous hearing upon bill, answer, and proofs, a decree was entered in favor of complainants, sustaining the validity of both patents.   Subsequently the defendant moved that the cause be opened for a rehearing on the ground of newly-discovered evidence.   The court granted a rehearing as to the Selden patent, but denied it as to the Beckwith patent, and it was ordered that the defendant have

leave to amend his answer as prayed in said petition for a rehearing. By this order it was intended and understood that the controversy between the parties should be re-opened, but only to let in the newly-discovered matter, and to the extent only that the Selden patent might be thereby affected. The defendant filed an amended answer, which set up the new matter relied on to defeat the Selden patent, and also embraced all the original defences to both patents. The complainant then filed a motion to strike the answer from the files for the reason that it was not limited in form and substance to the new matter, and therefore was not, as it is claimed, such an answer as the order for a rehearing authorized. The defendant then moved to dismiss the suit, under the sixty-sixth rule in equity, for the reason that no replication had been filed to the amended answer, and this is the motion now to be decided.

It is claimed by counsel for defendant that if the complainant desired to raise any question as to the regularity or sufficiency of the amended answer, he should have excepted to it; that a motion to strike from the files is irregular and cannot be entertained; and that as the answer was not excepted to, and a replication was not filed, he is entitled to have the suit dismissed, as of course, under the rule.

It is not intended now to pass upon the merits of the motion to strike the amended answer from the files. The only question to be presently determined is, is the defendant entitled, in the face of that motion, to have the suit dismissed for want of a replication? In other words, is the complainant in such default as to entitle the defendant to such action by the court as he invokes? It must be presumed that the motion to strike the amended answer from the files was made in good faith, and an inspection of the answer shows that it contains all the defences which appeared in the original answer, in addition to those embraced in the new matter, on account of which a rehearing was granted. Whether this form of pleading, in the present attitude of the case, be regular or not, I do not, as before remarked, now decide. But it seems very clear that the court cannot treat the motion to

strike the amended answer from the files as such an act of non-conformity to correct practice as leaves the complainant in default, and as entitles the defendant to a dismissal of the suit for want of a replication. Rule 66 provides that "whenever the answer of the defendant shall not be excepted to, *or shall be adjudged or deemed sufficient,* the plaintiff shall file the general replication thereto on or before the next succeeding rule day thereafter. \* \* \* If the plaintiff shall omit or refuse to file such replication within the prescribed period, the defendant shall be entitled to an order, as of course, for a dismissal of the suit."

So it appears that if the answer shall be excepted to, or shall be adjudged *or deemed insufficient,* a replication is not to be filed. And I do not think that the only method that may be pursued to test the sufficiency or regularity of an answer, is that of filing exceptions. Where a question is presented like that here involved, I am of opinion that it may be raised by motion to strike the answer from the files, and the rule does not necessarily exclude such a course of procedure.

Whether or not, in a given case, exceptions should be filed, or a motion should be made to strike the pleading from the files, may depend upon the character of the objections which are made to the pleading. Authority upon the correct course of practice is meager, but in *Strange* v. *Collins,* 2 Veasey & Beames, 162, it was held by Lord Eldon that where a supplemental answer contained not only the new matter which the party had obtained leave to allege, but also other matter which was contained in a former answer, the supplemental answer could be ordered off the file, on motion. In the case at bar, the pleading involved is an amended and not a supplemental answer, but that ought not to make any difference in the application of a rule of practice.

It is understood to be true, as claimed by counsel for defendant, that exceptions to this answer could not, in the present aspect of the case, be filed without leave. *Barnes* v. *Tweddle,* 10 Simons, 481. But I hardly think that leave of the court was a necessary prerequisite to a motion to strike the pleading from the files. On the whole, I am of opinion

that whether that motion can be ultimately sustained on its merits or not, the complainant cannot be regarded as in such default for want of a replication as to entitle defendant to a dismissal of the suit.

The motion to dismiss will be denied; and, as it seems desirable that proper issue in the cause shall be joined without unnecessary delay, the motion to strike the answer from the files may be brought to a hearing on 10 days' notice by either party.